UNITED STATES v. SAMUEL SHAPIRO & CO., INC.

**No. 5898.**—Invoice dated Paris, France, October 3, 1939.
Entered at Baltimore, Md., December 5, 1939.
Entry No. 1839.

(Decided June 25, 1943)

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney) for the plaintiff.
*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the defendant.

EKWALL, Judge: This is an appeal by the collector of customs from a finding of value by the appraiser of merchandise at the port of Baltimore, Md., upon an importation of alcoholic perfume and toilet water, described by style numbers 3709, 3707, 3705, 3704, 633, 297, and 4704. The merchandise was appraised as entered at the invoice unit prices plus 1 per centum French armament tax, plus cases and packing. The United States examiner at the port of entry testified on behalf of the Government that he requested the collector to file an appeal from the finding of value because of information contained on another invoice from the same shipper to this same importer, covered by entry 2226 at the port of Baltimore. Said entry papers were received in evidence as exhibit 1. It is noted that the date of exportation of the instant

merchandise was November 5, 1939, whereas that covered by entry 2226 was December 10, 1939, more than a month later. Said entry 2226 covers only three style numbers, to wit, 3709, 3705, and 633, all of which were invoiced and entered at values higher than those covered by the invoice and entry in suit. Therefore proof of value as to style numbers 3707, 3704, 297, and 4704, other than the values found by the appraiser in the instant case, is lacking.

As to the three style numbers 3709, 3705, and 633, it is the opinion of the court that the appellant has failed to sustain its burden of proof, in that it has failed to "establish all the elements necessary to prove the correctness of the value claimed and to meet every material issue in the case." See *United States* v. *H. W. Robinson & Co.*, 69 Treas. Dec. 1427, Reap. Dec. 3817; *United States* v. *Spiritos Music School*, 2 Cust. Ct. 801, Reap. Dec. 4490; *United States* v. *Arkell Safety Bag Co.*, ibid. 827, Reap. Dec. 4513; *United States* v. *Gane & Ingram, Inc.*, 24 C. C. P. A. (Customs) 1, T. D. 48264; *United States* v. *Downing Co.*, 20 C. C. P. A. (Customs) 251, T. D. 46057; *Meadows, Wye & Co.* v. *United States*, 17 C. C. P. A. (Customs) 36, T. D. 43324; *Harry Garbey* v. *United States*, 24 C. C. P. A. (Customs) 48, T. D. 48332.

While the invoice upon which the examiner based his request for reappraisement shows higher prices than those shown on the instant invoice, this fact standing alone, is insufficient to support appellant's claim, in view of the fact that more than a month elapsed between the exportation of the merchandise here involved and that covered by entry 2226, and the record is lacking in proof of the essential elements necessary to prove the correctness of the claimed value.

It is the opinion of the court that the appeal should be and the same is hereby dismissed for insufficiency of proof.

Judgment will be rendered accordingly.